# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### CIVIL NO. 1:18-cv-00322-MR-WCM

| | | |
|---|---|---|
| **IRENE WARREN KENT,** | ) | |
| **Administratrix of the Estate of** | ) | |
| **Michele Quantele Smiley,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER APPROVING** |
| **vs.** | ) | **SETTLEMENT WITH** |
| | ) | **COUNTY DEFENDANTS** |
| **VAN DUNCAN, in his official capacity** | ) | |
| **as Sheriff of Buncombe County;** | ) | |
| **WESTERN SURETY COMPANY, as** | ) | |
| **surety for the Sheriff; CHARLES J.** | ) | |
| **WILHELM, in his official and** | ) | |
| **individual capacity; JEFFREY LEON** | ) | |
| **LITTRELL, in his official and** | ) | |
| **individual capacity; THOMAS** | ) | |
| **CHRISTOPHER ("CHRIS") BARBER,** | ) | |
| **in his official and individual capacity;** | ) | |
| **RYAN PATRICK ZABLOUDIL, in his** | ) | |
| **official and individual capacity;** | ) | |
| **MICHAEL CORN, in his official and** | ) | |
| **individual capacity; EDWARD F.** | ) | |
| **PARKER, in his official and individual** | ) | |
| **capacity; MEGHAN T. RIDDLE, in her** | ) | |
| **official and individual capacity; TINA** | ) | |
| **COX MILLER, LPN; and SOUTHEAST** | ) | |
| **CORRECTIONAL MEDICAL GROUP,** | ) | |
| **PLLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Approve Partial Wrongful Death Settlement, with County Defendants [Docs. 57, 58].[1]

## BACKGROUND

This is a wrongful death action brought by the Plaintiff Irene Warren Kent, as the Administratrix of the Estate of Michele Quantele Smiley. The Plaintiff's claims arise from the Defendants' alleged failure to provide Ms. Smiley with emergency medical treatment and/or transportation to the hospital for such treatment while she was experiencing a severe drug overdose, which resulted in her death, during her detention at the Buncombe County Detention Center. Specifically, the Plaintiff has alleged that Defendants Van Duncan ("Duncan"), Charles J. Wilhelm ("Wilhelm"), Jeffrey Leon Littrell ("Littrell"), Thomas Christopher Barber ("Barber"), Ryan Patrick Zabloudil ("Zabloudil"), Michael Corn ("Corn"), Edward F. Parker ("Parker"), and Meghan T. Riddle ("Riddle") failed to provide appropriate medical treatment for Ms. Smiley, failed to contact emergency medical services, failed to secure emergency medical care from a licensed physician, and failed to transport Ms. Smiley to the hospital, in violation of their affirmative obligations under N.C. Gen. Stat. § 153A-224 and N.C. Gen. Stat. § 162-55,

---

[1] Document 57 is a sealed version of the County Defendants' Motion to Approve Partial Wrongful Death Settlement. Document 58 is a redacted, public version of the same motion.

and in violation of Ms. Smiley's rights under the Fourteenth Amendment. The Plaintiff further has alleged that Western Surety Company is liable for the negligence of the aforementioned Defendants under the Sheriff's bond pursuant to N.C. Gen. Stat. § 58-76-5. Defendants Duncan, Wilhelm, Littrell, Barber, Zabloudil, Corn, Parker, Riddle, and Western Surety Company shall be hereinafter referred to as "the County Defendants."[2]

The Plaintiff has reached a settlement agreement with the County Defendants. The Plaintiff now seeks court approval of that settlement, as five of the six beneficiaries of the agreements are minor children. See N.C. Gen. Stat. § 28A-13-3(23) (2018).

## FINDINGS OF FACT

On December 18, 2019, this matter came on for final hearing before the Court. Present at the proceeding were counsel for the Plaintiff; counsel for the County Defendants; counsel for the Medical Defendants; the Plaintiff Irene Warren Kent, as administratrix of the Estate of Michele Quantele

---

[2] The Plaintiff also alleged that Defendant Tina Cox Miller, a Licensed Practical Nurse employed by Southeast Correctional Medical Group, PLLC (hereinafter "the Medical Defendants") (1) failed to comply with the accepted standard of care for her healthcare profession in the same or similar communities in regard to her medical treatment of Ms. Smiley; and (2) failed to provide appropriate and necessary medical services while acting under color of state law in violation of Ms. Smiley's Fourteenth Amendment right to reasonably adequate medical care. The Plaintiff has reached a separate settlement agreement with the Medical Defendants, which settlement is addressed by separate Order.

Smiley and as legal guardian of the minor children; Roy Kent, as legal guardian of the minor children; and the guardian *ad litem* for the minor children, John C. Cloninger. Prior to the hearing, the Court reviewed the following with respect to the Motion to Approve Settlement with the County Defendants: (1) the Settlement and Release of All Claims and exhibits thereto [Docs. 58-1, 58-2; 58-3, 58-4]; (2) the Affidavit of Irene W. Kent and exhibit thereto [Docs. 58-5, 58-6]; (3) the Affidavit of John C. Cloninger [Doc. 58-7]; (4) the Affidavit of George B. Hyler, Jr., counsel for the Plaintiff, and exhibits thereto [Docs. 58-8, 58-9, 58-10, 58-11, 58-12]; and (5) the Affidavit of John M. Olesiuk, counsel for the Plaintiff [Doc. 58-13].

Based on the Court's document review and based on the statements at the hearing by counsel for the parties, the Plaintiff, Mr. Kent, and Mr. Cloninger as guardian *ad litem*, the Court makes the following **FINDINGS OF FACT:**

1.    Michele Smiley was 34 years old at the time of her death. She is survived by six children: Trenton Fleming, age nineteen, and five minor children (S.F., age sixteen; S.F., age fifteen; B.F., age twelve; L.F., age ten; A.N., age seven).[3]

---

[3] The full names and dates of birth of each of the minor children are set forth in the Second Sealed Addendum to Order Approving Settlement with County Defendants, entered contemporaneously herewith.

2.     The Plaintiff Irene Warren Kent is Ms. Smiley's grandmother, and she is the duly appointed administratrix of Ms. Smiley's estate.  She also serves, along with her husband Roy Kent, as legal guardian of Ms. Smiley's five minor children.

3.     At the hearing held on December 18, 2019, the Plaintiff acknowledged that she:

(a)   has read the settlement documents filed in this matter, including the Settlement and Release of All Claims; the Qualified Assignment and Release Agreement; the Addendum to Settlement and Release Agreement; and the Addendum for Minor's Compromise, and that she understands and assents to the terms thereof.

(b)   has had an adequate opportunity to confer with her counsel regarding her decision to settle this matter.

(c)   understands that the settlement documents propose that certain consideration be paid for the benefit of the minor children.

(d)   believes, in her capacity as legal guardian for the minor children, that the proposed settlement is fair and reasonable for the minor children under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(e)     believes, in her capacity as administratrix of Ms. Smiley's estate, that the proposed settlement is fair and reasonable for the estate under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(f)     understands that, if the Court approves the settlement and release agreement, the consideration due will be provided as described in the settlement documents filed herewith.

(g)     understands that the monies paid for the benefit of the minor children belong to the minor children and not to her, and that she may not use any such monies for typical parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs associated with raising children.

(h)     understands that, if the Court approves the settlement and release agreement, the provision of the consideration for the settlement by the County Defendants will terminate the estate's claims and any claims of the minor children against the County Defendants.   She further acknowledged that she understands that her decision to accept the settlement and release agreement on behalf of the minor children (if such agreement is approved by the Court) will bind the minor children and said

children will be enjoined from seeking any future redress against the County

Defendants, pursuant to the settlement and release agreement, based upon

the acts and omissions alleged in the Second Amended Complaint.

4.     At the hearing held on December 18, 2019, Roy Kent, as a legal

guardian of the minor children, acknowledged that he:

(a)    has read the settlement documents filed in this matter,

including the Settlement and Release of All Claims; the Qualified Assignment

and Release Agreement; the Addendum to Settlement and Release

Agreement; and the Addendum for Minor's Compromise, and that he

understands and assents to the terms thereof.

(b)    believes, in his capacity as legal guardian for the minor

children, that the proposed settlement is fair and reasonable for the minor

children under the circumstances of this case, particularly as to the nature of

the settlement, the amount of monetary payments to be made under the

settlement, and the proposed disbursements of the settlement funds.

(c)    understands that the monies paid for the benefit of the

minor children belong to the minor children and not to him, and that he may

not use any such monies for typical parental expenditures such as for food,

clothing, shelter, healthcare, or other maintenance costs associated with

raising children.

(d)     understands that, if the Court approves the settlement and release agreement, the provision of the consideration for the settlement by the County Defendants will terminate any claims of the minor children against the County Defendants.  He further acknowledged that he understands that his decision to accept the settlement and release agreements on behalf of the minor children (if such agreement is approved by the Court) will bind the minor children and said children will be enjoined from seeking any future redress against the County Defendants, pursuant to the settlement and release agreement, based upon the acts and omissions alleged in the Second Amended Complaint.

5.     At the hearing held on December 18, 2019, the guardian *ad litem*, John C. Cloninger, acknowledged that he:

(a)     has read the settlement documents filed in this matter, including the Settlement and Release of All Claims; the Qualified Assignment and Release Agreement; the Addendum to Settlement and Release Agreement; and the Addendum for Minor's Compromise, and that he understands and assents to the terms thereof.

(b)     is satisfied, in his capacity as guardian *ad litem* for the minor children, that the proposed settlement is fair and reasonable for the minor children under the circumstances of this case, particularly as to the

nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

6.    To assess the reasonableness of the settlement and release agreement, the Court requested that counsel for the Plaintiff and the County Defendants give a forecast of their trial evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiff's claims and any defenses thereto.    The parties complied with the Court's request and proffered the following details surrounding the factual and legal circumstances of this matter.

7.    On October 6, 2017, Ms. Smiley was brought into the Buncombe County Detention Center at approximately 11:17 a.m. by three probation officers, after she had been arrested for alleged violations of her probation.

8.    At approximately 11:50 a.m., Ms. Smiley was brought into the North Booking Area of the Detention Center by Defendant Michael Corn. During the next approximately 27 minutes, Ms. Smiley began showing signs of experiencing a severe drug overdose.  According to Defendant Miller's Encounter Notes, Ms. Smiley had an ashy undertone in her face, her pupils were dilated, her anxiety and agitation began to increase, she could not sit still, she was pacing back and forth in the bathroom, she said that she was

"burning up from the inside out," her hands were extremely red, and she was sweating heavily.  [See Ex. 4-B: Doc. 57-10].

9.     Ms. Smiley also disclosed to Defendant Miller and other Defendants that she had swallowed "a lot" of "meth," and she repeatedly stated, "I can't do this," and "I don't feel right."  [Id.].  Other than Defendant Miller stating to one of the Defendant jail guards that she "would not take her" and attempting to obtain her vital signs, Defendant Miller did nothing to treat Ms. Smiley's condition or to assist her in obtaining emergency medical treatment.  [Id.].

10.     While Defendant Miller was attempting to obtain Ms. Smiley's blood pressure, another Defendant jail guard stated, "Don't worry. It's meth. You're not going to die.  You're just going to get really high."  [Ex. 4-D: Doc. 57-12].  At approximately 12:17 p.m., Defendant Miller was told to "get out the way" by Defendant Littrell, and Ms. Smiley was taken into an unfurnished cell by Defendants Littrell, Corn, and Zabloudil.  [See Ex. 4-B: Doc. 57-10]. As she was being taken to the cell, Defendant Littrell made the comment, "She can really fake it. She has been here several times. You can't overdose on meth."  [Id.].

11.     After being placed in the cell alone, Ms. Smiley rolled around on the floor for nearly an hour, and then exhibited seizure-like movements, went

into cardiac arrest, and stopped breathing. During that time, the County Defendants failed to place Ms. Smiley on a four-times-per-hour direct observation watch, as required by 10A NCAC 14J .0601(c), and she subsequently died from methamphetamine toxicity.  [See Ex. 4-C: Doc. 57-11].

12.     In evaluating the provisions of the settlement and release agreements, the Court assessed the following factors. As explained by the Plaintiff's counsel, the case for liability was strong.  Ms. Smiley was a highly sympathetic character, as she had a minimal criminal record and by all accounts was a good mother to her six children.  Plaintiff's counsel had obtained video footage from the Detention Center which showed the interaction between Ms. Smiley and Detention Center staff in the time period leading to Ms. Smiley's death.  This video footage, counsel explained, demonstrated that staff did not adequately monitor Ms. Smiley's condition and that she was left alone for extended periods of time.  Additionally, Plaintiff's counsel had retained experts who were prepared to testify that Detention Center staff failed to follow established procedures and regulations in monitoring and responding to Ms. Smiley's condition.  Despite the apparent strengths of the Plaintiff's case against the County Defendants, Plaintiff's counsel also acknowledged that there were weaknesses to the

case, including the potential for some or all of the County Defendants to successfully assert the defense of qualified immunity, and the potential for jurors to conclude that the methamphetamine toxicity that Ms. Smiley suffered was a consequence of her own actions and therefore the Defendants should not be held liable for her death. Counsel for the County Defendants expressed their belief that this settlement was very favorable in light of various factors. First, defense counsel acknowledged that while the defense of qualified immunity was a possibility, it was unlikely that all the Defendants would have prevailed at summary judgment on that defense, and therefore, the case would likely have gone to trial. Defense counsel acknowledged that given the compelling nature of the video footage, the likelihood of a plaintiff's verdict at trial was high. Finally, counsel for both sides agreed that by mediating the case early before the commencement of witness and expert depositions, the parties had avoided incurring significant discovery expenses.

13. Based on all the foregoing, the Court finds that the settlement and release agreement is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of that agreement is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

## CONCLUSIONS OF LAW

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1.     Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6).  Moreover, where minors are entitled to receive damages pursuant to the settlement of a wrongful death action, such settlement must be approved by the Court, even though the minors are not parties to the wrongful death action.  See N.C. Gen. Stat. § 28A-13-3(23).

2.     The Plaintiff Irene Warren Kent, acting in her capacities as both administratrix of the Estate of Michele Quantele Smiley and as a legal guardian of the minor children, and Roy Kent, in his capacity as a legal guardian of the minor children, are competent in all respects and are able to understand the ramifications of the settlement and release agreement, as well as the effect such agreement would have upon the minor children, and are competent and able to execute their duties accordingly.

3.     Attached hereto and incorporated herein by reference is a sealed addendum entitled "Addendum to Minor's Compromise," which sets forth certain details of the structured settlement annuities for the minor

beneficiaries, including payment dates and amounts. The Court finds that the extent, nature, and amount of recovery for the minor children is fair and reasonable, and the disbursement of such funds as provided in the settlement and release agreement and the sealed Addendum hereto is in the best interests of the minor children.

4.     The disbursement of the settlement proceeds, as set forth in the settlement and release agreement and the sealed Addendum to Minor's Compromise, benefits the minor children by the way in which the funds are to be disbursed. The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

5.     The Plaintiff Irene Warren Kent, as administratrix of the Estate of Michele Quantele Smiley and as a legal guardian of the minor children, and Roy Kent, as a legal guardian of the minor children, have bound the minor children herein in the same manner as if such minors had consented to the settlements as adults.

6.     The settlement and release agreement should be approved.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Approve Partial Wrongful Death Settlement, with County Defendants [Docs. 57, 58] is **GRANTED**, and the parties' settlement and release agreement filed in this matter under seal [see Docs. 58-1, 58-4] is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal with respect to all the Plaintiff's claims against the County Defendants within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: January 8, 2020

Martin Reidinger
United States District Judge