IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00322-MR-WCM

| | |
|---|---|
| IRENE WARREN KENT, Administratrix of the Estate of Michele Quantele Smiley,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VAN DUNCAN, in his official capacity as Sheriff of Buncombe County; WESTERN SURETY COMPANY, as surety for the Sheriff; CHARLES J. WILHELM, in his official and individual capacity; JEFFREY LEON LITTRELL, in his official and individual capacity; THOMAS CHRISTOPHER ("CHRIS") BARBER, in his official and individual capacity; RYAN PATRICK ZABLOUDIL, in his official and individual capacity; MICHAEL CORN, in his official and individual capacity; EDWARD F. PARKER, in his official and individual capacity; MEGHAN T. RIDDLE, in her official and individual capacity; TINA COX MILLER, LPN; and SOUTHEAST CORRECTIONAL MEDICAL GROUP, PLLC,<br><br>　　　　Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Motion to Seal Portions of Proposed Partial Settlement Agreement (with Medical Defendants) and Proposed Disbursement [Docs. 59, 60].[1]

The parties move the Court for an Order permanently filing under seal the following exhibits: (1) the "Release of Administratrix, Consent of Beneficiaries to Confidential Settlement, and Indemnity Agreement," attached as Exhibit 1 to the Plaintiff's Motion to Approve Partial Wrongful Death Settlement, With Medical Defendants (hereinafter, "Plaintiff's Motion to Approve") [Doc. 61-1]; (2) the "Addendum to Release and Settlement Agreement," attached as Exhibit 1-A to the Plaintiff's Motion to Approve [Doc. 61-2]; (3) the "Qualified Assignment and Release Agreement," attached as Exhibit 1-B to the Plaintiff's Motion to Approve [Doc. 61-3]; and (4) the "Addendum to Settlement and Release Agreement," attached as Exhibit 1-C to the Plaintiff's Motion to Approve [Doc. 61-4]. The Plaintiff further moves the Court for an Order permanently sealing the unredacted versions of each of the following: (1) Plaintiff's Motion to Approve [Doc. 61]; (2) the Affidavit of Irene W. Kent, attached as Exhibit 2 to the Plaintiff's Motion to Approve [Doc. 61-5]; (3) the Affidavit of John C. Cloninger attached as Exhibit 3 to the Plaintiff's Motion to Approve [Doc. 61-9]; and (4) the Invoice Itemizing

---

[1] Document 60 is a redacted, public version of Document 59, which was filed under seal.

Advanced Case Expenses of Hyler & Agan, PLLC and DeVere Lentz & Assoc., attached as Exhibit 4-A to the Plaintiff's Motion to Approve [Doc. 61-11]. Additionally, at the hearing, counsel amended the motion to include a request to file under permanent seal the Memorandum of Settlement executed by the Plaintiff and Defendants Tina Cox Miller and Southeast Correctional Medical Group, PLLC ("the Medical Defendants") [Doc. 69].

As grounds for sealing, the parties state that the proposed sealed documents "involve the interests of potential minor beneficiaries and otherwise concern matters of a sensitive nature that the settling parties mutually desire to remain confidential to the extent permitted by applicable law and this Court." [Doc. 59 at 2-3].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated

by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The parties filed their motion on December 6, 2019, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that there are documents at issue which reference matters pertaining to minor beneficiaries and to the parties' confidential settlement and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing, the Court concludes

4

that sealing and/or redacting of these documents is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of the information contained therein.

While the Court finds that the sealing and redaction are appropriate to protect the information pertaining to the minor beneficiaries and the parties' settlement, the Court does not so find with respect to Exhibit 4-A to the Plaintiff's Motion to Approve. This exhibit lists the costs incurred and payments advanced by the Plaintiff's counsel in litigating this matter, such as filing fees, service fees, and expert witness fees. The Plaintiff proposes redacting the amount of each expense, leaving the description of each expense and the total amount of expenses unredacted. The amount of costs sought to be recovered in litigation, however, is generally not considered "sensitive or confidential information" that would warrant sealing. In fact, these types of expenses are commonly sought through bills of costs, which are filed on the public record. The Court finds that the Plaintiff has not stated good cause for treating these claimed expenses any differently. The motion to seal is therefore denied with respect to Exhibit 4-A.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion to Seal Portions of Proposed Partial Settlement Agreement (with Medical Defendants) and Proposed Disbursement [Docs. 59, 60] is **GRANTED IN**

**PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the unredacted versions of the Plaintiff's Motion to Approve [Doc. 61]; Exhibits 1, 1-A, 1-B, 1-C, 2, and 3 to the Plaintiff's Motion to Approve [Docs. 61-1, 61-2, 61-3, 61-4, 61-5, 61-9]; and the Memorandum of Settlement [Doc. 69] all shall be filed under seal under further Order of this Court.

The Motion is **DENIED** with respect to the Plaintiff's request to file a redacted version of Exhibit 4-A to the Plaintiff's Motion to Approve [Doc. 61-11]. The Plaintiff shall have seven (7) days from the entry of this Order to withdraw this document or file an unredacted version of Exhibit 4-A on the public docket.

    **IT IS SO ORDERED.**

Signed: January 8, 2020

Martin Reidinger
United States District Judge